## FRIEDLANDER v. RAPLEY.

SLANDER AND LIBEL; FALSE PRETENSES; PRINCIPAL AND AGENT; PLEADING; MISJOINDER OF COUNTS.....

1. There seems to be a recognized distinction between false words spoken and those written, in respect of their constituting a ground of action *per se.*

2. Words falsely spoken of another must, to be actionable *per se*, impute to him the commission of some criminal offense for which he may be indicted and punished, if the charge involves moral turpitude and is such as will injuriously affect his social standing.

3. In determining whether spoken words, as alleged in the declaration, are slanderous *per se*, the accompanying innuendo stating their purport must be disregarded. If the words are not in themselves actionable, they cannot be made so by innuendo. (Following *Warner v. Baker*, 36 App. D. C. 493.)

4. Abusive words spoken to a patron of a theater by an agent of its proprietor, which convey the meaning that the person to whom they are spoken had, by trick or artifice, obtained entrance into the theater, do not charge such person with the indictable offense of false pretenses, as defined by sec. 842, D. C. Code [31 Stat. at L. 1326, chap. 854], and are not, therefore, actionable *per se;* to be actionable special damages must be alleged.

5. *Quære,*—whether a count charging an assault and battery can be properly joined in the same declaration with counts charging slander under sec. 1532, D. C. Code [31 Stat. at L. 1418, chap. 854].

6. The sufficiency of each count in the declaration must be determined by its own averments.

7. An averment in a declaration that the defendant, by his agent, acting within the scope of the duties of his employment, assaulted and beat the plaintiff, is not a statement of any facts showing that the person making the assault was the agent of the defendant charged with the

conduct of any matter that would make the principal responsible for either his authorized or unauthorized acts done in the course of his employment, but is merely a statement of a conclusion of law.

8. Where any fact is necessary to be proved on the trial, in order to sustain the plaintiff's right of recovery, the declaration must contain a substantial averment of such fact in order to let in proof of it.

No. 2315.   Submitted December 6, 1911.   Decided February 5, 1912.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, sustaining a demurrer to a declaration for slander and assault, and, the plaintiff electing not to amend, dismissing the suit.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action by Harry Friedlander for damages for slander and assault, in a declaration containing four counts.

Count 1 charges, in substance, that defendant, William H. Rapley, was on December 9th, 1910, conducting the National Theater in the city of Washington. That one Fowler was defendant's treasurer and agent. That on December 8 plaintiff's wife purchased two tickets of the defendant for $4, entitling the holders thereof to admission to said theater on the evening of December 9th. That on the last-named evening, plaintiff purchased another like ticket. That desiring to have three tickets in the same row, and in consecutive order, he exchanged with defendant the three tickets before purchased, paying 50 cents additional for the three tickets desired, the same having coupons attached entitling the holders to certain seats in the orchestra. That plaintiff went to said theater on said evening with his wife and a friend, presented said tickets, and the three were seated in the designated chairs, for the purpose of witnessing the play. That defendant, intending to bring plaintiff into disrepute among his acquaintances, requested him, through his agent, to come into defendant's office in said theater. That when plaintiff entered the same, the said Fowler, in the course

of his employment by, and within the scope of the authority conferred upon him by defendant, did falsely and maliciously, and in the presence of a number of persons, speak to the plaintiff certain false and defamatory words, that is to say,—"These tickets [meaning and referring to certain tickets of admission to the National Theater, then and there in possession of said agent of the defendant and then and there exhibited by said agent] are dated December 1st. You must have gotten them in some crooked way [meaning thereby that the tickets so exhibited were the ones that plaintiff had caused to be exchanged for tickets entitling the holder to admission to the evening performance of December 9, 1910, and meaning, further, that said tickets entitled the holders to admission only on the 1st of December, 1910, and were consequently expired and of no value; and that plaintiff had fraudulently and by deceit and false pretense, exchanged the said tickets for others dated December 9, 1910, in a dishonest and crooked manner for tickets of the value of $6, with intent to cheat and defraud the defendant, William H. Rapley; and meaning further that plaintiff and his wife and friend had entered the said theater on the evening of December 9th, 1910, for the purpose of witnessing said performance, without lawful right and with intent to defraud the defendant, William H. Rapley]. You [meaning plaintiff] have done this crooked work before, and we [meaning the defendant] don't want you to come into this theater again; and you can't come into this office [meaning the office of said defendant in said theater building] any more." "You [meaning plaintiff] crumpled these tickets up so that I [meaning said William H. Fowler] could not see the date; this incident is closed with me" (meaning thereby that the plaintiff had been and was guilty of dishonest and improper conduct in relation to said tickets of admission, and had, with intent to defraud said defendant, obtained same by false pretense, and would for that reason be thereafter denied admission into said National Theater). That plaintiff was thereby brought into disgrace, and caused to be suspected to have been guilty of fraud and false pretense, etc., to his damage in the sum of $50,000.

Count 2 repeats the statement of count 1, varying the same by the charge that the said Fowler, in an insolent and improper manner, ordered the plaintiff to leave said theater and come into defendant's office, where the slanderous words were used, etc.

Count 3 repeats the history of the occurrence, and adds that the said Fowler, in an insolent and improper manner, assaulted the plaintiff and ordered him to leave the auditorium and come into defendant's office, where the slanderous words aforesaid were spoken.

Count 4 reads as follows: "And the plaintiff sues the defendant for that heretofore, to wit, on the 9th day of December 1910, at the city of Washington, in the District of Columbia, the defendant by his agent (acting within the scope of the duties of his employment) with force and arms made an assault on him, the plaintiff, and then and there beat, bruised, wounded, and ill-treated him, by means of which several premises he, the plaintiff, was then greatly hurt, bruised, and wounded to the plaintiff's damage in the sum of $50,000, wherefore the plaintiff brings this suit and claims fifty thousand dollars ($50,000)."

The grounds of defendant's demurrer to said declaration are substantially:

(1) That the alleged defamatory words are not actionable *per se,* and no special damage is alleged.

(2) That defendant cannot be held liable for the slanderous words of his agent.

(3) That an action for assault cannot be joined with an action for slander, as is done in the second and third counts.

(4) That the fourth count is bad because it fails to allege the essential facts constituting a cause of action for assault and battery.

The demurrer was sustained, and plaintiff declining to amend, the action was dismissed.

*Mr. Charles W. Darr* and *Mr. Julius I. Peyser* for the appellant.

*Mr. Edward A. Newman* and *Mr. F. E. Mitchell* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

• 1. The first count of the declaration is founded on the alleged defamatory words spoken in the presence of others, and counts 2 and 3, although the word "assaulted" is used in the introduction of the defamatory words, are but other forms of stating the same cause of action.

There seems to be a recognized distinction between false words spoken and those written, in respect of their constituting a ground of action *per se*. *Pollard* v. *Lyon*, 91 U. S. 225–228, 23 L. ed. 308–311; Odgers, Libel & Slander, p. 3; Townshend, Slander & Libel, p. 221. However this may be, words falsely spoken of another must, to be actionable *per se* in this jurisdiction, impute to him the commission of some criminal offense for which he may be indicted and punished, if the charge involves moral turpitude and is such as will injuriously affect his social standing. *Pollard* v. *Lyon*, 91 U. S. 225–234, 23 L. ed. 308–313.

In considering whether this is the effect of the words, the false speaking of which is alleged in the declaration, the accompanying innuendo stating their purport must be disregarded. If not in themselves actionable, they cannot be made so by innuendo. *Warner* v. *Baker*, 36 App. D. C. 493–501.

Omitting the innuendos by which they are separated in their statement in the declaration, the following are the words uttered: "These tickets are dated December 1st. You must have gotten them in some crooked way. You have done this crooked work before, and we don't want you to come into this theater again, and you can't come into this office any more. You crumpled these tickets up so that I could not see the date; this incident is closed with me."

Those words are abusive, and convey the meaning that plaintiff had in a crooked way—that is to say, by trick or artifice—

obtained entrance into the theater.   Persons of ordinary under-
standing, hearing them uttered and giving them credence,
would understand that plaintiff was a trickster and a crook or
fraud, but we do not think that they would understand that he
was charged with the indictable offense of false pretenses.
Code section 842 [31 Stat. at L. 1326, chap. 854].   They
are, therefore, not actionable *per se.*   Any special damage re-
sulting therefrom must have been specially alleged.

2. Assuming that the fourth count of the declaration, charg-
ing an assault and battery, was properly joined in the same dec-
laration with the counts charging slander, under section 1532
of the Code [31 Stat. at L. 1418, chap. 854], and that it would
be sufficient if the cause of action were against Fowler, who is
charged with the assault, it remains to consider whether it
states a cause of action against defendant, Rapley.   It is a well-
settled rule of pleading that the sufficiency of each count in a
declaration must be determined by its own averments.   5 Enc.
Pl. & Pr. 320; 31 Cyc. 123.

How far the matter of one count may by reference be in-
corporated into another, we need not inquire; because there is
no reference in the fourth count to any averment or matter of
inducement recited in the others.   The averment that defend-
ant, "by his agent (acting within the scope of the duties of his
employment)" assaulted and beat the plaintiff, is not the state-
ment of any fact showing that Fowler, in making the assault,
was the agent of the defendant, charged with the conduct of
any matter that would make the principal responsible for either
his authorized or unauthorized acts done in the course of his
employment, but a mere conclusion of law.

The contention of the plaintiff is that defendant, being the
proprietor of a place of amusement and owing a duty to his
patrons to see they are protected from insult, violence, and
danger, is responsible for the wrongful acts of his agents and
employees who take tickets, provide seats, maintain order, etc.,
whether such acts were authorized by him or not.   Assuming
this to be a correct statement of the law, yet the facts to which
the rule of law applies must be stated in the pleading.   It is a

familiar rule in pleading that where any fact is necessary to be proved on the trial, in order to sustain the plaintiff's right of recovery the declaration must contain a substantial averment of such fact in order to let in proof of it.

The court was right in holding that the several counts of the declaration did not state a cause of action, and the demurrer was, therefore, properly sustained.

The judgment will be affirmed, with costs.          *Affirmed.*